IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPI
HATTIESBURG DIVISION

METROPOLITAN PROPERTY
AND CASUALTY INSURANCE
COMPANY                                                                                    PLAINTIFF

VS.                                                        CIVIL ACTION NO. 2:09cv245KS-MTP

PAMELA ANN BROWN WILLIAMS
STEPHANIE HOLLAND SMITH                                                          DEFENDANTS

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** Plaintiff, Metropolitan Property and Casualty Insurance Company ("Metropolitan"), by and through its attorneys herein, and brings this action for Declaratory Judgment against Defendants, and would respectfully show unto the Court the following:

1.

Plaintiff requests a trial by jury on all issues of the subject litigation.

2.

This action is for Declaratory Judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure, in order to determine questions of actual controversy between the parties as hereinafter more fully explained. This Complaint is filed under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.,* and involves an actual, real and substantial controversy, touching the legal relationships of parties having adverse legal interests, requiring specific relief through a decree conclusive in character involving the respective rights, duties and liabilities of the parties hereto under two liability policies of insurance ("the Subject Policies").

3.

Plaintiff, Metropolitan, is an insurance company organized and existing under the laws of the State of Rhode Island with its principle place of business in the State of Rhode Island, but which at all times mentioned herein was authorized to do and was doing business in the State of Mississippi.

4.

Defendant, Pamela Ann Brown Williams ("Williams"), is an adult resident citizen of the State of Mississippi who resides at 7370 Savannah Drive, Marion, Lauderdale County, Mississippi.

5.

Defendant, Stephanie Holland Smith ("Smith") is an adult resident citizen of the State of Mississippi who resides at 5815 West Fourth Street, Apt. 1, Hattiesburg, Mississippi.

6.

There is diversity of citizenship between Plaintiff and Defendants, and the amount in controversy, without interest and costs, exceeds the sum or value of $75,000.00. Accordingly, subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332(a).

7.

Smith resides in, and/or events giving rise to the claims for coverage under the Subject Policies took place in Lamar and Forrest County, Mississippi, which are in the Hattiesburg Division of the Southern District of Mississippi. Therefore, venue is proper in this Court.

8.

From July 12, 2006 through September 30, 2010, Vardaman K. Smith III and Smith had in effect two homeowner's insurance policies with Metropolitan. The first, policy # 862252621-

0, afforded certain coverages for a residence located at 161 E. Bay Drive, Lumberton, MS, with effective dates of July 12, 2006 through September 30, 2008. The second, policy # 8095210360, afforded certain coverages for a residence located at 50 Golf Club Drive, Hattiesburg, MS, with effective dates of September 30, 2008 through September 30, 2010. True and correct copies of the Subject Policies are attached hereto as *Exhibit "A"*. The pertinent terms and conditions of the Subject Policies are identical.

9.

On or about August 18, 2009, Williams commenced a civil action against Smith in the Circuit Court of Lamar County, Mississippi, bearing cause number 2009-155 ("Underlying Complaint"). A copy of the Underlying Complaint filed by Williams is attached hereto as *Exhibit "B"*. The allegations of the Underlying Complaint are incorporated herein by reference as if copied herein in full.

10.

The Underlying Complaint alleges the dissolution of Williams' Marriage to Chester Bradley Williams because of the alleged "illicit actions" of Smith. Williams asserts "[b]eginning in October of 2007, continuing through the present date, the Defendant willfully and intentionally seduced Brad, thereby enticing him to engage in an inappropriate and despicable relationship involving certain illicit, illegal conduct and activities of a personal and overtly intimate nature." *Exhibit "B", para. 5.* Williams alleges that Smith "...willfully, actively, wrongfully and intentionally interfered with the marital relationship...". *Exhibit "B", para. 7.* Williams asserts that Smith's "wrongful and intentional" conduct caused injuries including the break up of her family relationship. *Exhibit "B", para. 8.*

11.

Paragraphs 10 through 12 of the Underlying Complaint assert a cause of action against Smith for "Alienation of Affection". Williams alleges that Smith knew that Chester Bradley Williams was her husband but did "...willfully, wrongfully, recklessly and intentionally alienate the affection of Chester Bradley Williams...". *Exhibit "B", paras. 11-12.*

12.

Paragraphs 13 through 14 allege "Intentional Infliction of Emotional Distress", stating that Smith's conduct "...is intentional, without justification, and sufficient to evoke outrage and disgust in civilized society and that the pattern of conduct perpetrated by the Defendant was intended to cause harm to your Plaintiff." *Exhibit "B", para. 14.*

13.

Paragraphs 15 through 17 of the Underlying Complaint contain allegations of "Negligent Infliction of Emotional Distress". Williams asserts that "[t]he Defendant negligently inflicted, and continues to inflict, severe mental anguish and emotional distress upon your Plaintiff, which is tantamount to an assault on the mind, personality, or nervous system that, even in absence of physical injury, is medically cognizable and will require treatment by a medical professional as a result of said negligence." *Exhibit "B", para. 16.*

14.

Finally, in paragraphs 18 through 19 of the Underlying Complaint Williams asserts entitlement to "Punitive Damages" alleging that "... the Defendant has engaged in such willful, wrongful, wanton, reckless and intentional conduct and behavior to an extent, without regard to the consequences to your Plaintiff, that your Plaintiff is entitled to an award of punitive damages

of and from the Defendant in such and amount as to punish the Defendant, make an example of the Defendant to others…". *Exhibit "B", para. 19.*

15.

Smith has requested a defense and indemnification under the Subject Policies for the claims asserted against her by Williams. Metropolitan has agreed to provide Smith with a defense of the claims under a full reservation of its rights to withdraw the defense. Metropolitan has investigated the claims in accordance with the terms of the Subject Policies and determined that Smith is not owed a defense nor would Metropolitan owe indemnification should a verdict be rendered against Smith for the reasons set forth below.

16.

Smith is entitled to neither coverage nor benefits under the Subject Policies because the claims asserted in the Underlying Complaint are excluded from coverage. Specifically, the Underlying Complaint does not allege **"bodily injury"** or an **"occurrence"** as those terms are defined in the Subject Policies. *See Exhibit "A".* Absent such allegations, Smith is not entitled to defense, indemnification or other benefits under the Subject Policies.

17.

Further, coverage is excluded under Section II Coverage F of the Subject Policies for **"intentional loss"**. The Subject Policies also exclude coverage for **"bodily injury"** caused by or resulting from emotional distress or similar injury. Finally, the Subject Policies exclude claims for punitive damages. *See Exhibit "A".* Therefore, Smith is not entitled to defense, indemnification or other benefits under the Subject Policies for the claims asserted by the underlying Plaintiff, Williams.

18.

Metropolitan further asserts that there may be additional provisions of the Subject Policies in addition to those set forth herein above that may apply and preclude coverage.

19.

Metropolitan has no adequate remedy at law or in equity other than this action to have its rights, duties and responsibilities to the Defendants herein determined. Otherwise, it will be subject to other and further litigation and suffer irreparable harm.

20.

Actual and bona fide disputes have arisen as to the liability of Metropolitan under the Subject Policies described herein, and Metropolitan desires to avail itself of the provisions of Rule 57, Federal Rules of Civil Procedure, to resolve all disputes and to avoid multiplicity of actions.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Metropolitan, respectfully prays that, after sufficient proceedings, that this Court will enter a Judgment declaring:

(a) That Metropolitan has no duty to defend Smith or any other party with regard to claims asserted in the Underlying Complaint, and Metropolitan should be allowed to withdraw the defense it is currently providing Smith;

(b) That Metropolitan has no duty to pay or indemnify Smith or any other party in the event an adverse judgment is rendered against Smith with regard to the Underlying Complaint; and

(c) That Defendants herein be restrained from instituting and prosecuting further litigation at law or in equity in any court concerning the above-described coverage issues pending a final determination of this cause in this Court.

Metropolitan prays for such other and further relief as the Court may deem just and proper.

THIS, the 8th day of December, 2009.

Respectfully Submitted,

**METROPOLITAN PROPERTY
AND CASUALTY COMPANY**

BY: *Michael R. Barnes*
MICHAEL R. BARNES
COUNSEL FOR PLAINTIFF

MICHAEL R. BARNES (#8431)
JUDE & JUDE PLLC
P.O. BOX 17468
HATTIESBURG, MS 3940
601-579-8411